# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

RIGOBERTO OCAMPO,

    Plaintiff,

v.

APPLING COUNTY SHERIFF'S OFFICE,[1]

    Defendant.

CIVIL ACTION NO.: 2:17-cv-70

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at D. Ray James Correctional Facility in Folkston, Georgia, filed this Complaint pursuant to 42 U.S.C. § 1983. (Doc. 4.) For the reasons which follow, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) Additionally, I **RECOMMEND** that the Court **DISMISS with prejudice** Plaintiff's Complaint, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[1] Although Plaintiff names "Baxley County Sheriff's Office" as the Defendant in his Complaint, it appears Plaintiff intends to sue the Appling County Sheriff's Office, as Baxley, Georgia, is a city located within Appling County. However, it is unclear from Plaintiff's Amended Complaint whether he wishes to sue the Appling County Sheriff's Office or an unknown deputy employed by the Appling County Sheriff's Office. Regardless of which party Plaintiff intends to sue, his Complaint is due to be dismissed for the reasons discussed herein. Nevertheless, the Clerk of Court is **DIRECTED** to amend the name of the Defendant upon the record and docket of this case.

## BACKGROUND[2]

In his Complaint, Plaintiff contends an unidentified person shot him in the stomach in 1999. Plaintiff alleges Defendant violated his constitutional rights by failing to properly investigate that incident. (Doc. 4, p. 12.) In addition, Plaintiff maintains that he received inadequate medical care for his injuries. (Id.) Plaintiff requests as relief $5 million in damages and a visa allowing him to remain in the United States. (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[2] The below recited facts are taken from Plaintiff's Amended Complaint, the operative Complaint in this action, (doc. 4), and are accepted as true, as they must be at this stage. Furthermore, Plaintiff's Amended Complaint supersedes his original Complaint. Wimberly v. Broome, No. 6:15-CV-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016), *report and recommendation adopted*, No. 6:15-CV-23, 2016 WL 3360521 (S.D. Ga. June 14, 2016) (citing Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."), and Varnes v. Local 91, Glass Bottle Blowers Ass'n, 614 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.")).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal Of Plaintiff's Claims Due to Untimeliness

Plaintiff's Complaint concerns the investigation underlying his shooting in 1999 and the subsequent medical care for his injuries. (Doc. 4.) Plaintiff's submission of this Complaint eighteen years after his shooting calls into question the timeliness of his Complaint. Because 42 U.S.C. § 1983 does not contain a limitations period, federal courts "borrow" the applicable state's statute of limitations for personal injury actions. Wallace v. Kato, 549 U.S. 384, 387 (2007). Constitutional claims brought pursuant to Section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). In states where more than one statute of limitations exists, the forum state's general or residual personal injury statute of limitations applies to all Section 1983 actions filed in federal court in that state. Owens v. Okure, 488 U.S. 235, 236, 249–50 (1989). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33.

Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the

facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. Additionally, "[t]o dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001) (alterations in original)).

Plaintiff signed his original Complaint on June 6, 2017, and it was filed in this Court on June 16, 2017. (Doc. 1.) Thus, given the two years' limitation period, the earliest operative date for assessing the timeliness of Plaintiff's Complaint is June 6, 2015. Any claims that accrued before that date (or for which the statute of limitations was not tolled until at least that date) are untimely.

Although Plaintiff alleges he received extensive medical care for his wounds and was unable to work for several months after his injury, he does not allege that he was unaware of the facts giving rise to his claims during this time. Accordingly, the statute began to run when Plaintiff became aware that he had been shot and that Defendant was not investigating his shooting. Plaintiff's Complaint makes clear that he was conscious and aware of both his injury and Defendant's failure to investigate his shooting in the months following that event. (Doc. 4, pp. 12–13.) Therefore, it appears the statute of limitations began to run shortly after Plaintiff received his injury in 1999. Thus, Plaintiff's Complaint was untimely filed by more than a decade. Nevertheless, out of an abundance of caution, the Court will examine whether Plaintiff is entitled to equitable tolling of the statute of limitations and whether Defendant's actions qualify as "continuing violations."

"As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." Lozano v. Montoya Alvarez, ___ U.S. ___, 134 S. Ct. 1224, 1231–32 (Mar. 5, 2014). Here, there is nothing before the Court which indicates that anything prevented Plaintiff from timely filing his Complaint within two years of his shooting. Hughes, 350 F.3d at 1163 ("[Plaintiff] . . . has pointed us to no particular reason why the statute of limitations might be tolled in his case, and we can discern none from the record."). Because Plaintiff filed this lawsuit eighteen years after his injury arose and presents no "extraordinary circumstance" explaining his delay, he has not shown that he entitled to equitable tolling of the statute of limitations.

Moreover, Plaintiff's untimely claims are also not saved by the continuing violation doctrine. The continuing violation doctrine holds that a plaintiff's action is not time-barred where some of the alleged violations occurred within the statutory period, even though other violations did not, because the early acts were part of a continuing wrong. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1222 (11th Cir. 2001) ("The continuing violation doctrine is premised on the equitable notion that the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." (internal quotation marks and citation omitted)). "The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one-time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Lovett, 327 F.3d at 1183.

However, the Eleventh Circuit has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to

determine that a violation had occurred." Ctr. for Biological Diversity v. Hamilton, 453 F.3d 1331, 1335 (11th Cir. 2006). "The Eleventh Circuit gives considerable weight to plaintiff's awareness of his rights and his duty to bring a timely claim." Watkins v. Haynes, No. CV 212-050, 2013 WL 1289312, at *5 (S.D. Ga. Mar. 27, 2013). "If an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine." Hipp, 252 F.3d at 1222.

Here, Plaintiff was clearly armed with sufficient facts that would have alerted a reasonable person to act to assert his rights. Hipp, 252 F.3d at 1222. Plaintiff knew he had been shot, that his assailant escaped, and that Defendant ceased investigating the crime. Plaintiff was aware of these facts long before he filed his Complaint eighteen years later.

Thus, the face of Plaintiff's Complaint reveals beyond a doubt that he can prove no set of facts which would avoid a statute of limitations bar as to his Section 1983 claims. Consequently, the Court should **DISMISS** Plaintiff's claims that Defendant violated his constitutional rights pursuant to the Eighth and Fourteenth Amendments by failing to properly investigate his shooting and to capture his attacker.

## II. Claims Against Appling County Sheriff's Office

Plaintiff's claims are further subject to dismissal for failure to state a claim. In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. While local governments qualify as "persons" under Section 1983, state agencies, penal institutions, and private corporations which contract with

states to operate penal institutions are generally not considered legal entities subject to suit. See Grech v. Clayton Cty., 335 F.3d 1326, 1343 (11th Cir. 2003). The issue of whether a government entity is capable of being sued is "determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b); accord Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006). Under Georgia law, only three classes of legal entities are capable of being named in a lawsuit: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Lawal, 196 F. App'x at 768 (citing Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500 (Ga. 1988)). "A sheriff's office does not fall into any of the categories and therefore is not capable of being sued." Chronister v. Butts Cty., No. 5:15-CV-150, 2016 WL 1735860, at *3 (M.D. Ga. May 2, 2016) (citing Ashley v. Chafin, No. 7:07-cv-177, 2009 WL 3074732, at *3 (M.D. Ga. Sept. 23, 2009)).

In this case, Plaintiff has not named any persons who participated in the alleged violation of his rights. Instead, Plaintiff alleges claims only against the Appling County Sheriff's Office. As discussed above, this entity is not capable of being sued. Accordingly, Plaintiff's Complaint in its current form fails to state a claim upon which relief may be granted for this additional reason.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this

---

[3] A certificate of appealability is not required in this Section 1983 action.

context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*. (Doc. 2.) Additionally, I **RECOMMEND** that the Court **DISMISS with prejudice** Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA